```
                                            United States District Court
                                            Southern District of Texas
                                                     FILED
        IN THE
UNITED STATES DISTRICT COURT                    MAR 1 4 2003
 SOUTHERN DISTRICT OF TEXAS
     BROWNSVILLE DIVISION                      Michael N. Milby
                                                Clerk of Court
```

| | |
|---|---|
| UNITED STATES OF AMERICA, )  Respondent, ) ) vs. ) MATIAS MONTEMAJOR DE LA PAZ, ) ) Petitioner. ) | B-03-058 CRIMINAL NO. CR-N-81-811 |

### MOTION FOR RELIEF PURSUANT TO RULE 60(b) FED. R. CIV. P.

Petitioner Matias Montemajor De La Paz, hereby submit his instant Motion For Relief, pursuant to Rule 60(b), Fed. R. Civ. P.

Rule 60(b), Fed. R. Civ. P.:

Petitioner's instant Motion is premised on Rule 60(b)'s subsection (6) which allow for relief from a judgment or order for any reason justifying relief from the operation of the judgment.

Petitioner's instant Motion is addressed to the sound discretion of the district court, which must balance the ends of justice and public interest and finality of judgment, COMBS V. NICK GARIN TRUCKING, 825 F.2d 437 (D.C. Cir. 1987); SEGARRA V. MESSINA N.D. N.Y. 1994, 158 F.R.D. 230.

Petitioner specifically note that his Rule 60(b) Motion is not merely a second or successive 28 U.S.C. §2255 motion, or Habeas Corpus Petition, nor an attempt to circumvent restraints on successive habeas petitions. FELKER V. TURPIN 101 F.3d 657, 661 (11th Cir.), cert. denied ___ U.S. ___, 117 S.Ct. 451, 136 L.Ed.2d 346 (1996).

Moreover, Petitioner contends that his Rule 60(b) motion should be reviewed by the Court under Rule governing motion for relief from judgment or order. See, HELM V. RESOLUTION TRUST CORP 43 F.3d 1163 (7th Cir. 1995),

based on (1) Change of Circumstances, (2) Change in Decisional Law, and (3) Exceptional Circumstances.

Rule 60(b) makes the distinction between an independent action in equity from a bill of review and its modern successors--the Rule 60(b) states that it does not "Limit the power of a court to entertain an independent action." See, BEGGERLY V. U.S. 114 F.3d 484 (5th Cir. 1997). The elements of an independent action (for purpose of this suit) is: (5) the absence of any adequate remedy at law. BANKERS MORTGAGE CO. V. UNITED STATES 423 F.2d 73 (5th Cir.). Petitioner has satisfied the element. See also BEGGERLY id. 487. Thus, the court should review Petitioner's pending Motion based on the reasons set-forth supra, and infra.

Significant Change in Circumstances:

Petitioner was sentenced in (1982) to a total term of imprisonment of fifty-five (55) years, a fine of $100,000.00, and the forfeiture of certain real and personal property. Petitioner has been imprisoned for more than (20) years; since his incarceration, he no longer has complete communication with his family members; some of his family members have passed away; Petitioner suffers from stress, depression; Petitioner, in an attempt to show remorse for his crime, had his family pay the $100,000.00 imposed fine (to which left his family financially strapped). Petitioner's financial, family, and physical condition has deteriorated drastically.

Petitioner's sentence of (55) years was reduced to (45) years, some years ago, however, all those charged in the commission of the conspiracy, and continuing criminal enterprise has been released from prison, other than Petitioner. Petitioner has suffered and continues to suffer extreme mental anguish. In RUFO V. INMATES OF SUFFOLK COUNTY JAIL, ___ U.S. ___, 112 S.Ct. 748,

2

116 L.Ed.2d 867 (1992), the Supreme Court adopted a slightly more restrictive but lexible standard to be applied by the courts in ruling on motions to modify consent decrees under Federal Rule of Civil Procedure (60(b). Under Rufo, A party seeking modification of a consent decree bears the burden of establishing that a significant change in circumstances warrants revision of the decree. If the moving party meets this standard, the court should consider whether the proposed modification is suitably tailored to the change circumstances. Id. ___ U.S. ___ at ___, 112 S.Ct. at 760. The party seeking modification of a consent decree may meet its initial burden by showing either a significant change in factual conditions ... Id. Modification of a consent decree is appropriate (1) "When changed factual conditions made compliance with the decree substantially more onerous," (2) "When a decree enforcement of the decree without modification would be detrimental to the public interest." id. See also VANGUARDS OF CLEVELAND V. CITY OF CLEVELAND 23 F.3d 1013, 1018 (6th Cir. 1994). The same standards enunciated in Rufo is to be applied to Petitioner's case. Cf. HEATH V. DeCOURCY 888 F.2d 1105 (6th Cir. 1989); LORAIN V. NAACP V. LORAIN BD. OF EDUC. 979 F.2d 1149 (6th Cir. 1992), cert. denied___ U.S. ___, 113 S.Ct. 2998, 125 L.Ed.2d 691 (1993).

After review of Petitioner's pleadings, the court should determine and conclude that Petitioner has satisfied the standard for modification of his sentence. Here Petitioner has demonstrated a significant change in factual circumstances which make compliance with the imposed sentence, "More Onerous", and also demonstrated that without modifying his sentence, the sentence imposed is "unworkable" and "detrimental to the public interest." It was not anticipated, that Petitioner would suffer and endure the additional punishment. See, PSYCHIATRIC INSTITUTE OF WASHINGTON, D.C., INC. V. JOHNSON 944 F.S. 5, 7-8 (D.C. Cir. 1996).

Change In Law:

This Circuit in LABOSHI V. JAMES 66 F.3d 751 (5th Cir. 1995), held that, "Change in state decision law will not normally constitute 'extraordinary circumstances' for purpose of granting a Rule 60(b) motion...".

However, the court did emphasize that, 'decision change' alone did not suffice to satisfy the 'entraordinary circumstances' under Rule 60(b). As distinguished from Laboshi, supra, Petitioner has submitted sufficient facts with, and herein show a change in the law, which give rise to "Extraordinary Circumstances". The Court should consider the change in law. UNITED STATES V. KOON 116 S.Ct. 2035 (1996), in conjunction with Petitioner's factors which give rise to extraordinary circumstances.

After the Supreme Court decided APPRENDI V. NEW JERSEY ___ U.S. ___, 120 S.Ct. 2348 (2000)[1] Petitioner caused to be filed a 28 U.S.C. §2241 Petition in the United States District Court. Petitioner claimed therein that, (1) his conviction for engaging in a continuing criminal enterprise and his related conviction for conspiracy was unlawful pursuant to the principles established in RUTLEDGE V. UNITED STATES 517 U.S. 292 (1996), (2) his consecutive sentence were unlawful pursuant to RUTLEDGE V. UNITED STATES, Supra, (3) his enhanced sentence is violative of his due process rights pursuant to the principles enumerated in the Supreme Court decision in APPRENDI V. NEW JERSEY ___ U.S. ___, 120 S.Ct. 2348 (2000).

Petitioner argued in his 28 U.S.C. §2241 Petition, inter alia, that his conviction and sentence violated Apprendi, where the Indictment did not charge

---

[1] Petitioner had exhausted his 28 U.S.C. §2255 Remedy, and had filed numerous other pleadings with the courts over the years.

4

a specific quantity of drugs; the government did not prove any specific quantity of drugs, and the jury was not specifically instructed that, a specific quantity of drugs had to be proved, beyond a reasonable doubt. (Prior to <u>Apprendi</u>, the Circuits interpreted quantity of drugs, as a sentencing enhancement factor), but <u>Apprendi</u> clarified and changed the law, where quantity of drugs is now an "Element" of the offense, which has to be proven beyond a reasonable doubt. The district court denied Petitioner's §2241 Petition, and the Fifth Circuit Court of Appeals, affirmed the district court's denial. The Fifth Circuit Court of Appeals, would not grant Petitioner relief under <u>Apprendi</u>, because it held <u>Apprendi</u> to be non-retroactive, (thus, Petitioner is left with the unconstitutionally obtained conviction and sentence).

Relevant Facts:

Petitioner was charged by Indictment in Counts 2, 3, 4, 5, 8, 9, 10, and 12; Count 2 charged continuing criminal enterprise (CCE); Counts 3, 4, 5, 9, charged conspiracy to distribute an unspecified quantity of controlled substance; Counts 8, 9 and 10 charged distributing a controlled substance. The court sentenced Petitioner to (55) years, and a $100,000.00 fine; Count 2; (15) years and $25,000.00 fine, Count 3, 4, 5, 8, 9; (5) years and $15,000.00 fine, Count 10; (15) years and $25,000.00 fine, Count 12. All counts were to run concurrent with the (55) years, (pursuant to a subsequent Rule 35 Fed. R. Crim. P. Motion the Court modified Petitioner's sentence to (45) years).

At the conclusion of trial, the court instructed the jury that the government did not have to prove a specific quantity of drugs, before it could convict on the conspiracy counts. To the contrary the court instructed the jury that the government <u>did not</u> have to prove a specific quantity of drugs.

The indictment did not charge that Petitioner and others distributed a specific quantity of drugs, and no specific quantity of drugs was submitted to the jury, or proven beyond a reasonable doubt. Petitioner also note that, the indictment charged various drugs were involved, heroin, cocaine, and marijuana. However, no specific verdict form was submitted to the jury to determine which drug they found Petitioner guilty of. As of this date, it still has yet to be determined what the jury found.

PETITIONER'S GROUNDS AND ARGUMENTS

1. The Supreme Court's subsequent and intervening change in the law, RUTLEDGE V. UNITED STATES 517 U.S. 292, 116 S.Ct. 1241, 1247 (1996), gives Petitioner standing under Rule 60(b), Fed. R. Civ. P. to correct the illegal judgment.

At the time of Petitioner's conviction (1982), the Supreme Court had not ruled on RUTLEDGE V. UNITED STATES 517 U.S. 292, 116 S.Ct. 1241, 1247 (1996); the Rutledge Court subsequently decided that a conviction for conspiracy under 21 U.S.C. §846 was a lesser included offense of §848, and whereby Congress intended only to authorize one punishment for a person who was found guilty of violating both 21 U.S.C. §846 and §848. Furthermore, Rutledge held that concurrent life sentences imposed for §846, and §848 were cumulative punishment unauthorized by Congress and had to be vacated. The subsequent Rutledge decision declared Petitioner's conviction for both §848, and §846 unconstitutional, and violative of the Fifth Amendment's Double Jeopardy Clause. However, the Rutledge decision did not come about until approximately thirteen (13) years after Petitioner's conviction and sentences, and after Petitioner had availed himself of his 28 U.S.C. §2255 Motion. Because Petitioner has been unable to obtain relief under either §2255, or §2241, he is now serving sentences under both §846 and §848.

As a result of the Rutledge decision, the Fifth Circuit Court of Appeals adopted the Rutledge ruling, and in UNITED STATES V. WILSON 116 F.3d 1066 (5th Cir. 1997), the court vacated the conspiracy conviction; the court ruled that the conspiracy was a lesser included offense under §848, and that a conviction under both statutes constitutes unconstitutional double jeopardy. Petitioner's conviction includes Count Two, the continuing criminal enterprise (CCE), and four offense, Count Three, Four, Five, and Nine, for conspiracy.

Petitioner attempted to obtain relief pursuant to the intervening change in the law, RUTLEDGE, but Petitioner had filed a prior §2255 Motion, which was denied, and the Court denied Petitioner a successive 28 U.S.C. §2244 Motion. Thus, Petitioner was unable to obtain relief from the illegal judgment, in light of Rutledge. Petitioner attempted to obtain relief from the illegal judgment, §846, and §848 pursuant to 28 U.S.C. §2241, however, because the Court stated Petitioner did not satisfy the standards enunciated in the Fifth Circuit in REYES-REQUENA V. UNITED STATES 243 F.3d 893 (5th Cir. 2001), Petitioner was unable to obtain the relief from the illegal §846, and §848 sentences. Because Rutledge was decided long after Petitioner's conviction, direct appeal, §2255 Motion, he has no other recourse in which to void his unconstitutional convictions and sentences for both §§846, 848; convictions and sentences which the Fifth Amendment's Double Jeopardy Clause clearly prohibit.

Where Petitioner has attempted to obtain relief from the unconstitutional judgments, to no avail, Rule 60(b) Fed. R. Civ. P. now gives Petitioner standing to have the Court correct the illegal judgment, and to vacate Petitioner's 21 U.S.C. §846 Conspiracy conviction in light of RUTLEDGE V. UNITED STATES, Supra.

PETITIONER'S GROUNDS AND ARGUMENTS

2. The Supreme Court's subsequent and intervening change in the law, APPRENDI V. NEW JERSEY ___ U.S. ___, 120 S.Ct. 2348 (2000), gives Petitioner standing under Rule 60(b) to correct the illegal conviction and sentence.

At the time of Petitioner's conviction, direct appeal, 28 U.S.C. §2255 and first 28 U.S.C. §2241 Petition, APPRENDI V. NEW JERSEY ___ U.S. ___, 120 S.Ct. 2348 (2000), was not available to Petitioner. Apprendi subsequently clarified that "Quantity of Drugs" is an 'Element' of the offense, rather than a sentencing enhancement factor, that must be charged in the indictment, submitted to the jury, and proven beyond a reasonable doubt. In the instant case, the Indictment did not charge any specific quantity of drugs; the government did not prove a specific quantity of drugs, beyond a reasonable doubt, and the jury was not instructed that specific quantity of drugs, had to be proven and found beyond a reasonable doubt. In fact, the court instructed the jury that, the Government did not have to prove any specific quantity of drugs.

Since Apprendi, Petitioner has attempted through 28 U.S.C. §2255, §2244, §2241 to obtain relief from the illegal, unconstitutional conviction and sentence, to no avail.

Apprendi's subsequent decision changed the presumption that the court could under it's preponderance finding and powers, determine the quantity of drugs involved, without a jury determination. The Supreme Court in Apprendi decided that "Quantity of Drugs" was an 'Element' of the offense, which had to be charged in the indictment, because it was the quantity of drugs, which determined the sentence; which determined whether a defendant would receive a statutory maximum sentence under 21 U.S.C. §841(b)(1)(B), (b)(1)(A), or (b)(1)(C). Apprendi provided that defendants are entitled to jury determination on every

8

element of the crime with which he is charged. See, UNITED STATES V. GAUDIN 515 U.S. 506 (the Due Process Clause protects the accused against conviction except upon proof beyond reasonable doubt).

In the instant case, it was the judge's preponderance found quantity of drugs, which triggered 21 U.S.C. §841(b)(1)(A). Without the preponderance found quantity, Petitioner would have received a sentence not to exceed twenty (20) years, 21 U.S.C. §841(b)(1)(C).

It has been well settled by the Fifth Circuit that Apprendi apply to drug cases, and that convictions/sentences obtained, based on the preponderance found quantity of drugs, violate the Fifth Amendment's Due Process Clause, and the Sixth Amendment's Notice, Jury Trial. UNITED STATES V. MESHACK 225 F.3d 556 (5th Cir. 2000). Thus, because Apprendi was decided longer after Petitioner's sentence, direct appeal, and 28 U.S.C. §2255, and §2241 Petitions, the Court should afford Petitioner relief from the unconstitutional judgment, pursuant to Rule 60(b), Fed. R. Civ. P.

Petitioner has clearly shown that he satisfy the standards under Rule 60(b), Fed. R. Civ. P., thus, the Court should grant relief by vacating Petitioner's unconstitutional sentence of (45) years, and reduce same to no more than (20) years under 21 U.S.C. §841(b)(1)(C).

## CONCLUSION

WHEREFORE premises considered herein above, Petitioner pray the Court will vacate the unconstitutional judgment, and correct Petitioner's sentence by (1) vacating the illegal/unconstitutional §846 conviction and sentence, (2) modifying Petitioner's (45) year sentence to no more than (20) years pursuant to Apprendi.

RESPECTFULLY SUBMITTED,

*Matias Montemayor*
Matias Montemajor De La Paz
Reg. No. 14272-079