UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY 0 7 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| MATIAS MONTEMAYOR DE LA PAZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-03-058 |
| | § | CRIMINAL NO. B-81-811 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## ORDER

Petitioner Matias Montemayor De La Paz has filed a Motion for Relief Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Doc. # 1). When a federal prisoner files a motion for post-conviction relief pursuant to Rule 60(b), the courts will often construe that motion as a motion to vacate pursuant to 28 U.S.C. Section 2255.[1] Specifically, a motion filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure will necessarily be construed as a Section 2255 motion because Rule 60(b) is a civil rule that is unavailable to criminal defendants seeking to overturn their convictions.

In this case, Petitioner Montemayor's motion will be construed as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Section 2255. Petitioner will be allowed to proceed in Forma Pauperis (let the applicant proceed without pre-payment of cost of fees or the necessity of giving security therefor). Furthermore, the Government is hereby ORDERED to respond to the motion on or before June 6, 2003.

DONE at Brownsville, Texas, this 6th day of May, 2003.

Felix Recio
United States Magistrate Judge

---

[1] See United States v. Rich, 141 F.3d 550, 551-52 (5th Cir. 1998), cert. denied 526 U.S. 1011 (1999) (citing Fed. R. Civ. P. 60(b) as well as 28 U.S.C. § 2255, and holding that "courts may treat motions that federal prisoners purportedly bring under rule governing motions for reconsideration, but which essentially seek to set aside their convictions on constitutional grounds, as motions to vacate, set aside, or correct sentence").