IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 5 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA,   §<br>Respondent,   §<br>   §<br>v.   §   CR. NO. B-81-811<br>   §<br>MATIAS MONTEMAYOR DE LA PAZ,   §<br>Petitioner.   §<br>(C.A. NO. B-03-58)   § | |

RESPONDENT'S ANSWER TO SECTION 2255 MOTION,
AND MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, hereinafter "the government", files this Answer to Matias Montemayor De La Paz (Montemayor De La Paz)'s Motion for Relief under 28 U.S.C. 2255 and Motion to Dismiss. In support thereof, the government would respectfully show the court the following:

I.

JURISDICTION

Montemayor De La Paz invoked the district court's jurisdiction under Rule 60(b) of the Federal Rules of Civil Procedure. The United States Magistrate Judge has correctly construed the motion as one for relief under 28 U.S.C. § 2255. This is a successive motion (*see* Montemayor de la Paz's Pet., p. 4). Since Montemayor de la Paz has not secured permission from the United States Court of Appeals for the Fifth Circuit to file a successive motion, 28 U.S.C. § 2255 and 28 U.S.C. § 2244, this case must be dismissed for want of prosecution.

II

MOTION TO DISMISS AND AUTHORITIES

This court should dismiss Montemayor de la Paz's motion for want of jurisdiction: it is a successive motion for § 2255 relief and Montemayor de la Paz has not secured leave from the court of appeals to file it. In *United States v. Rich*, 141 F.3d 550 (5th Cir. 1998), the Fifth Circuit observes:

> [Courts] may treat motions that federal prisoners purportedly bring under Rule 60(b) but which essentially seek to set aside their convictions on constitutional grounds, as § 2255 motions. There is a trend among circuit courts to look beyond the formal title affixed to a motion if the motion is the functional equivalent of a motion under § 2255.

141 F.3d at 551. In an aside, the court notes that Rule 60(b) motions in habeas corpus proceedings are often used to circumvent restraints on successive habeas petitions imposed by the Anti-terrorism and Effective Death Penalty Act (AEDPA). *Id.*, at 553. A cursory review of the pleading in this case raises the inference that Montemayor de la Paz has characterized the instant motion as a "motion to dismiss" in order to circumvent this provision of the AEDPA. *See also, Banks v. United States*, 167 F.3d 1082, 1083 (7th Cir. 1999); *Hess v. Cockrell*, 281 F.3d 212 (5th Cir. 2002) (denying relief under Rule 60(b)(6)); *Lazo v. United States*, 314 F.3d 571 (11th Cir. 2002).

The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 amended 28 U.S.C. § 2244 and § 2255 and altered the procedures for filing habeas petitions under § 2254 and § 2255. *Coleman v. United States*, 106 F.3d 339, 340 (10th Cir. 1997). The amended § 2255 provides in relevant part:

> A second successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -
>
> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing

evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Section 2244 provides in part:

No circuit or district court shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus except as provided in section 2255.

28 U.S.C. § 2244(a). Since Montemayor de la Paz confessed that he has applied for and was denied relief under 28 U.S.C. § 2255, he must apply for certification in the court of appeals before he can file a motion under 28 U.S.C. § 2255. Since he has not done so, his motion must be dismissed for lack of jurisdiction. *See, Rich*, 141 F.3d at 551.

The government prays that this court enter an order dismissing Montemayor de la Paz's motion for relief under 28 U.S.C. § 2255 for want of jurisdiction.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

By: _____
JAMES L. TURNER
Assistant United States Attorney
P.O. Box 61129
Houston, Texas 77208
State Bar No. 20316950
Fed.Id.No. 1406
(713) 567-9102

<u>CERTIFICATE OF SERVICE</u>

I, James L. Turner, do hereby certify that a copy of the foregoing Response and Motion to Dismiss has been mailed on this the <u>5th</u> day of <u>June</u>, 2003, via certified mail, return receipt requested to:

Mr. Matias Montemayor de la Paz
Reg. No. 14272-079
Federal Medical Center
P.O. Box 15330
Fort Worth, Texas 76119

_____
JAMES L. TURNER
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>　　　Respondent,<br><br>v.<br><br>MATIAS MONTEMAYOR DE LA PAZ<br>　　　Petitioner.<br>(C.A. NO. B-03-58) | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.R. NO. B-81-811 |

## ORDER

It is hereby ORDERED that Matias Montemayor de la Paz's Motion for Relief from Judgment is denied for want of jurisdiction.

SIGNED this _____ day of _____, 2003.


_____
UNITED STATES DISTRICT JUDGE

5