UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 09 2003

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| MATIAS MONTEMAYOR DE LA PAZ,<br>Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. B-03-058<br>CRIMINAL NO. B-81-811 |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§ | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Matias Montemayor de la Paz has filed a Motion for Relief Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Doc. # 1). When a federal prisoner files a motion for post-conviction relief pursuant to Rule 60(b), the courts will often construe that motion as a motion to vacate pursuant to 28 U.S.C. Section 2255.[1] Specifically, a motion filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure will necessarily be construed as a Section 2255 motion because Rule 60(b) is a civil rule that is unavailable to criminal defendants seeking to overturn their convictions and/or sentences. Therefore, this Court construed Petitioner Montemayor de la Paz's Rule 60(b) motion as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Section 2255. For the following reasons, Petitioner's motion should be DENIED.

### ANALYSIS

Matias Montemayor de la Paz has essentially filed a successive collateral motion for relief in this case. Since Petitioner has not secured permission from the United States Court of

---

[1] See United States v. Rich, 141 F.3d 550, 551-52 (5th Cir. 1998), cert. denied 526 U.S. 1011 (1999) (citing Fed. R. Civ. P. 60(b) as well as 28 U.S.C. § 2255, and holding that "courts may treat motions that federal prisoners purportedly bring under rule governing motions for reconsideration, but which essentially seek to set aside their convictions on constitutional grounds, as motions to vacate, set aside, or correct sentence").

1

Appeals for the Fifth Circuit to file a successive motion, this case should be dismissed for want of jurisdiction. In *United States v. Rich*,[2] the Fifth Circuit observes:

> [Courts] may treat motions that federal prisoners purportedly bring under Rule 60(b) but which essentially seek to set aside their convictions on constitutional grounds, as Section 2255 motions. There is a trend among circuit courts to look beyond the formal title affixed to a motion if the motion is the functional equivalent of a motion under Section 2255.[3]

In dicta, the Fifth Circuit notes that Rule 60(b) motions in habeas proceedings are often used to circumvent restraints on successive habeas petitions imposed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA).[4]

The AEDPA amended 28 U.S.C. Sections 2244 and 2255, and altered the procedures for filing habeas petitions under Sections 2254 and 2255.[5] The amended Section 2255 provides in relevant part:

> A second successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain:
>
> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

---

[2] United States v. Rich, 141 F.3d 550 (5th Cir. 1998).

[3] Rich, 141 F.3d at 551.

[4] Id. at 551.

[5] Coleman v. United States, 106 F.3d 339, 340 (10th Cir. 1997).

2

>    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[6]

Section 2244 provides in part:

> No circuit or district court shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus except as provided in section 2255.[7]

Since Montemayor de la Paz confessed that he has applied for and was denied relief under 28 U.S.C. Section 2255, he must apply for certification in the court of appeals before he can file a motion under 28 U.S.C. Section 2255. Due to the fact that Montemayor de la Paz has not applied for certification, his motion must be dismissed for lack of jurisdiction.

## RECOMMENDATION

For the above stated reasons, Petitioner's motion for relief should be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[6] 28 U.S.C. § 2255.

[7] 28 U.S.C. § 2244(a).

a failure to object.[8]

DONE at Brownsville, Texas, this 9th day of June, 2003.

                                                Felix Recio
                                                United States Magistrate Judge

---

[8] <u>Douglass v. United States Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MATIAS MONTEMAYOR DE LA PAZ,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. B-03-058 |
| | § | CRIMINAL NO. B-81-811 |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§ | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. The Petitioner's Motion to to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Section 2255 is hereby DISMISSED for want of jurisdiction.

DONE at Brownsville, Texas this _____ day of _____, 2003.


_____
Hilda Tagle
United States District Judge